UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SYMONS INTERNATIONAL GROUP, INC., IGF HOLDINGS, INC., | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| CONTINENTAL CASUALTY COMPANY, | ) ) ) |
| Defendant. | ) ) ) |
| CONTINENTAL CASUALTY COMPANY and 1911 CORP., | ) ) ) ) |
| Counterplaintiffs and Third Party Plaintiffs, | ) ) ) ) 1:01-cv-00799-RLY-MJD |
| vs. | ) ) ) |
| SYMONS INTERNATIONAL GROUP, INC. and IGF HOLDINGS, INC., | ) **1:14-cv-1163-RLY-MJD** ) ) ) |
| Counterdefendants, | ) ) ) |
| and | ) ) |
| ALAN G. SYMONS, ROBERT SYMONS, as successor in interest to G. GORDON SYMONS, GRANITE REINSURANCE COMPANY, LTD., and GORAN CAPITAL, INC., | ) ) ) ) ) ) ) |
| Counterdefendants and Third Party Defendants. | ) ) ) ) ) ) |

1

| | |
|---|---|
| SUPERIOR INSURANCE GROUP, | ) |
| | ) |
| Cross Claimant, | ) |
| | ) |
| vs. | ) |
| | ) |
| CONTINENTAL CASUALTY COMPANY, | ) |
| BOSE MCKINNEY & EVANS LLP, and | ) |
| BRADFORD T. WHITMORE, individually | ) |
| and as Special Trustee under a Certain | ) |
| Amended and Restated Declaration of Trust | ) |
| dated August 12, 1997, | ) |
| | ) |
| Cross Defendants. | ) |
| | ) |
| WILMINGTON TRUST COMPANY, | ) |
| | ) |
| Intervenor. | ) |

**ENTRY SEVERING CROSS CLAIMS**

The only remaining claims are cross claims that arise out of the Interpleader Complaint filed by Stephen W. Robertson, as the Commissioner of the Indiana Department of Insurance and as Rehabilitator of Pafco General Insurance Company, and the Interpleader Complaint filed by the Florida Department of Financial Services, as Receiver for Superior Insurance Company. The competing claimants to the interpleaded funds in the Pafco Rehabilitation Proceedings are Continental Casualty Company ("CCC"), Bradford T. Whitmore, individually and as Special Trustee under a certain Amended and Restated Declaration of Trust dated August 12, 1997 ("Whitmore"), Superior Insurance Group, Inc. ("Superior Group"), and Bose McKinney & Evans LLP ("Bose McKinney"). The competing claimants to the Superior Receivership Proceedings are CCC, Whitmore, and Superior Group. Each party asserts that it is entitled to all of the

2

interpleaded funds. In an effort to finally resolve this action, and for the reasons set forth below, the court finds that the parties' cross claims[1] should be severed from this action pursuant to Rule 21 of the Federal Rules of Civil Procedure.

Whether to sever a claim under Rule 21 is a matter of the district court's discretion. *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000). A district court may sever claims under Rule 21, creating two separate proceedings, so long as the two claims are "discrete and separate." *Id*. In other words, one claim must be capable of resolution despite the outcome of the other claim. *Id*.

In the Pafco Rehabilitation Proceedings, Superior Group's cross-claims against CCC, Whitmore, and Bose McKinney are separate from CCC's claims against the original parties to this action. CCC's claims, which were adjudicated in October 2009, involved breach of contract, fraudulent transfer and alter ego claims. Superior Group's cross claim requires the court to determine which entities are entitled to the interpleaded funds. Accordingly, Superior Group's cross claim against CCC, Whitmore, and Bose McKinney is severed into a new case. The court's reasoning applies equally with respect to each of the cross claims filed by the parties in both the Pafco and Superior Interpleader actions.

---

[1] With respect to Pafco's Interpleader Complaint, Superior Group filed a cross claim against CCC, Whitmore and Bose McKinney; CCC filed a cross claim against Superior Group, Whitmore and Bose McKinney; and Whitmore filed a cross claim against CCC and Superior Group. With respect to Superior Insurance Company's Interpleader Complaint, Superior Group filed a cross claim against CCC and Whitmore; CCC filed a cross claim against Whitmore and Superior Group; and Whitmore filed a cross claim against Superior Group and CCC.

The parties to the new action are: Superior Insurance Group – plaintiff; Continental Casualty Company, Bose McKinney & Evans LLP, Bradford T. Whitmore, as Special Trustee – defendants; and the Wilmington Trust Company, who recently intervened in this action – intervenor. The defendants' cross claims shall be included. The new action will have Nature of Suit code 190, and Cause of Action code 28:1332. The assignment of judicial officers will be as currently exists in this case. Thus, the new civil action is to be assigned to the dockets of the undersigned and of Magistrate Judge Dinsmore.

The following pleadings, filings and orders in this action shall be re-docketed in the new civil action:

**Pafco General Insurance Company's Complaint for Interpleader**

(1) The Complaint for Interpleader filed by Stephen W. Robertson, as the Commissioner of the Department of Insurance of the State of Indiana (as Rehabilitator of Pafco) (Filing No. 406);

(2) Superior Group's Answer and Affirmative Defenses to Complaint for Interpleader, Counterclaim and Cross Claims (against CCC, Whitmore, and Bose McKinney) (Filing No. 416);

(3) Whitmore's Response to Complaint for Interpleader (Filing No. 419);

(4) CCC's Response to Pafco's Complaint for Interpleader (which includes its Cross Claims against Whitmore, Superior Group and Bose McKinney) (Filing No. 421; Filing No. 422);

(5) Whitmore's Answer to Superior Group's Cross Claim (Filing No. 435);

(6) CCC's Answer to Superior Group's Cross Claim ([Filing No. 440](Filing No. 440));

(7) Order Dismissing Rehabilitator from Proceedings ([Filing No. 450](Filing No. 450));

(8) Superior Group's Answer and Affirmative Defenses to CCC's Cross Claims ([Filing No. 477](Filing No. 477));

(9) Whitmore's Amended Response to Counterclaims and Cross-Claim Filed by Superior Group (against CCC and Superior Group) ([Filing No. 483](Filing No. 483));

(10) Superior Group's Answer and Affirmative Defenses to Whitmore's Cross Claim ([Filing No. 490](Filing No. 490));

### Superior Insurance Company's Complaint for Interpleader

(11) The Complaint for Interpleader filed by the Florida Department of Financial Services, as Receiver of Superior Insurance Company ([Filing No. 470](Filing No. 470));

(12) Superior Group's Answer and Affirmative Defenses to Complaint for Interpleader, Counterclaim and Cross Claims (against CCC and Whitmore) ([Filing No. 471](Filing No. 471));

(13) CCC's Response to Receiver's Complaint for Interpleader (including Cross Claims against Whitmore and Superior Group) ([Filing No. 472](Filing No. 472));

(14) Whitmore's Response to Complaint for Interpleader and Cross Claims (against CCC and Superior Group) ([Filing No. 473](Filing No. 473));

(15) Superior Group's Answer and Affirmative Defenses to CCC's Cross Claims ([Filing No. 478](Filing No. 478));

(16) CCC's Answer to Superior Group's Second Cross Claim ([Filing No. 481](Filing No. 481));

(17) Superior Group's Answer and Affirmative Defenses to Whitmore's Cross Claim ([Filing No. 484](#));

(18) Wilmington Trust Company's Motion to Intervene ([Filing No. 533](#));

(19) Minute Entry dated June 26, 2014 ([Filing No. 551](#));

(20) Order Dismissing Receiver from Proceedings ([Filing No. 552](#)).

If any party seeks the re-docketing of items not listed above, a request for such action may be filed in the newly-opened action.

The Clerk is directed to show this case related to the newly-created severed cause, as well as 1:09-cv-391-RLY-TAB and 1:12-cv-423-RLY-MJD.

The Clerk is also directed to hold the funds now on deposit with the court registry investment system in this cause, until further order of this court.

**SO ORDERED** this 14th day of July 2014.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

Copy to:

Rick Krall
United States District Court
Southern District of Indiana
Director of Financial Services